### NATIONAL PARK BANK OF NEW YORK v. HAAS et al.

(Supreme Court, General Term, First Department. November 18, 1892.)

APPEAL—LAW OF THE CASE.

In an action brought as a bill of peace by an attaching creditor against many claimants of the property, the affirmance on appeal of an order appointing a receiver and granting an injunction disposes of the question as to the complaint not stating facts sufficient to constitute a cause of action, raised by demurrer.

Appeal from special term, New York county.

Action by the National Park Bank of New York against Leopold Haas and others to preserve its attachment lien, and to enjoin replevying creditors, and determine the rights of all parties in one action. Defendants demurred to the complaint. Demurrer overruled, and defendants appeal. Affirmed.

For decision on appeal from order appointing receiver, see 16 N. Y. Supp.

343, affirmed in 30 N. E. Rep. 867. For decision on appeal from an order denying a motion to vacate the order appointing the receiver, see 20 N. Y. Supp. 499.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*Benno Loewy*, for appellants. *Horwitz & Hershfield,* (*Otto Horwitz,* of counsel,) for respondent.

LAWRENCE, J. The firm of Levy Bros. & Co. was a special partnership, doing business in the city of New York. In May, 1891, the National Park Bank, the plaintiff herein, brought an action against them to recover the sum of $90,615.24, and in said action obtained a warrant of attachment, under and by virtue of which the sheriff of the city and county of New York levied upon and took into his possession the property of Levy Bros. & Co. Thereafter, a number of parties, including the appellants herein, claiming to be creditors of Levy Bros. & Co., instituted actions in replevin against the sheriff, seeking to recover the various articles of merchandise alleged by them to have been sold to Levy Bros. & Co. The number of these replevin creditors was some 50 or 60, and the Park Bank, in order to preserve the lien of its attachment, and to settle the controversies between itself and the replevying creditors, and determine the various conflicting claims between them, brought this action in equity, in the nature of a bill of peace, so that the interests of the different claimants might be determined in one action, and the rights of all parties protected. To this complaint the defendants interposed three grounds of demurrer: (1) That the complaint did not state facts sufficient to constitute a cause of action; (2) that it appears upon the face of the complaint that there is a defect of parties defendant, inasmuch as it appears from the said complaint that John J. Gorman, the sheriff of the city and county of New York, has an interest in the property therein referred to; (3) it appeared upon the face of the said complaint that several causes of action have been improperly joined. An order was issued in this case, appointing a receiver of the property of Levy Bros. & Co., and granting an injunction, from which order appeals were taken to the general term of this court (16 N. Y. Supp. 343) and the court of appeals, (30 N. E. Rep. 867,) by which tribunals the said order was affirmed. The decision of the court in that case, as was held by the special term in overruling this demurrer, disposes of the questions sought to be raised on this appeal. The court there necessarily held, in affirming the order appointing the receiver and granting the injunction, that the complaint did state facts sufficient to constitute a cause of action; and, further, that, while the sheriff and the coroner were proper parties to the action, and should be brought in, the failure to make them parties defendant did not affect the question of jurisdiction. The court also said "that one or more of the defendants intimate in their affidavits that the property replevied by them was delivered to Levy Bros. & Co. to be sold on commission, and never passed into their ownership at all; and one or more of the defendants assert that there is no dispute as to the identity of the unmanufactured goods which they claim, and no conflicting title thereto alleged by any one except the plaintiff in the attachment. These facts, if satisfactorily established, may possibly prove to be a defense to the action as against such defendants; but these facts are new matter alleged outside of the complaint, as to which the plaintiff will have a right to be heard. They amount to a denial in some degree of the plaintiff's general allegations, and may establish a defense without overturning or dislodging the jurisdiction." The observation of the court of appeals upon this point disposes of, the third ground of demurrer, and the order and judgment of the special term overruling the demurrer must therefore be affirmed, with costs and disbursements.

All concur.